MENG XI (280099)
mxi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

MAX L. TRIBBLE, JR. (326851)
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: SUBPOENA TO GOOGLE, LLC, | Case No. 5:20-mc-80219-MISC |
| IN CONNECTION WITH: | Case No. 2:19-cv-00372-JRG |
| SPACETIME3D, INC. | |
| Plaintiff, | Pending in The United States District Court for the Eastern District of Texas, Marshall Division |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SPACETIME3D'S NOTICE OF MOTION AND MOTION TO COMPEL GOOGLE, LLC'S DEPOSITION TESTIMONY** |
| Defendants. | |
| | DATE: TBD<br>TIME: TBD<br>PLACE: TBD |

Movant SpaceTime3D, Inc. ("SpaceTime3D") respectfully moves the Court to compel third-party deponent Google, LLC ("Google") to comply with its obligations under Federal Rule of Civil Procedure 30 by answering SpaceTime3D's legitimate deposition questions.

## FACTUAL BACKGROUND

This dispute arises out of a matter pending in the Eastern District of Texas. In that underlying suit, SpaceTime3D has alleged that Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") have infringed SpaceTime3D's patents through the use of Google's Chrome Browser, which comes pre-loaded on Samsung devices. *See* Xi Decl., Ex. 1 ("Complaint").

On November 3, 2020, SpaceTime3D served a subpoena on non-party Google to appear for a deposition regarding certain source code (the "Source Code") available on Google's open-source Chromium projects.[1] *See* Xi Decl., Ex. 2 ("Google Subpoena"); *id.*, Ex. 3. The Chromium projects are, according to their own website, "the open-source projects behind the Google Chrome browser and Google Chrome OS." *See* Xi Decl., Ex. 4.

The subpoena delineated the topics (the "Noticed Topics") for the deposition as follows:

1. Your policies, practices, and/or procedures for creating, developing, compiling, updating, making publicly available, debugging, and revising the Source Code.

2. Details and circumstances relating to the date(s) on which the Source Code was created, developed, updated, and last revised.

3. Authenticity of the Source Code.

4. Version control tools and systems that You use to track changes to the Source Code.

5. Development and implementation details relating to the Source Code.

6. Release dates for the Source Code.

7. Major changes or revisions, including any refactoring, that You have made to the Source Code since November 4, 2014.

8. The collaboration, if any, between You and Defendants on creating, developing, compiling, updating, making publicly available, debugging, and revising the Source Code.

Google Subpoena at 3–4.

---

[1] The subpoena included a catalog of source-code classes and file paths taken from Chromium. *See* Xi Decl., Ex. 2 ("Google Subpoena") at 1–2; *see also* https://chromium.googlesource.com/chromium/src.git.

On December 4, 2020, Google's Rule 30(b)(6) corporate representative, Dirk Pranke, appeared[2] for the deposition and confirmed on the record that he was appearing as Google's designated corporate representative with respect to the Noticed Topics. *See* Xi Decl., Ex. 5 ("Pranke Depo. Tr.") at 9:1–4.

Mr. Pranke's deposition was dominated by Google's counsel's repeated objections. Specifically, Google's counsel contended that almost every question asked was "beyond the scope" of the Noticed Topics and therefore improper. *Id.* at 10:24–25; *see also, e.g., id.* at 15:4–5, 17:1, 23:10, 30:21, 42:7, 42:11, 44:3, 53:21, 57:23, 59:24, 65:6. In only eighty-five minutes of questioning, Google's counsel objected on that basis *over 80 times* and went so far as to instruct Mr. Pranke not to answer a question on that basis eleven times. *See* Pranke Depo. Tr. *passim* (objections); *see id.* at 12:22–23, 20:13–14, 50:1–2, 53:22–24, 54:5–6, 55:17–18, 57:15–16, 57:22–24, 67:6–7, 67:16–17, 71:22–23 (instructions not to answer).

Broadly speaking, Google's counsel lodged two main complaints regarding the scope of the questioning: First, counsel insisted that the Noticed Topics regarded *Chromium*, rather than *Chrome*, and thus that any questions even tangentially touching Chrome fell outside the ambit of the Noticed Topics. *See, e.g.*, Pranke Depo. Tr. at 19:25–20:5 ("Q: Chromium projects include Chromium and Chromium OS which are the open source projects behind the Google Chrome browser; correct? MS. SCHWARTZ: Objection, beyond the scope."). Second, counsel maintained that any questions that pertained to the Source Code's purpose or functions, for example, fell outside the scope of the Noticed Topics. *See* Pranke Depo. Tr. at 23:8–10.

During the deposition, SpaceTime3D's counsel attempted to confer with opposing counsel in good faith and resolve these issues. SpaceTime3D's counsel specifically argued on the record that the questions were within the scope of the Noticed Topics, *see id.* at 20:17–24:5, noted the legal impropriety of the instructions not to answer and explained Mr. Pranke's obligation to answer any relevant questions, *see id.* at 50:3–51:12, 67:8–10, 72:5–72:8, provided citations to pertinent authorities, *see id.* at 72:9–22, and stated that continued obstruction would require the court's intervention, *see id.* at 23:15–18, 73:3–5. Counsel also conferred off the record, during more than

---

[2] The deposition was conducted via videoconference due to the COVID-19 pandemic, but the deponent was located at the time in the Northern District of California. *See* Xi Decl. ¶ 6.

an hour of break time in the deposition, and SpaceTime3D's counsel repeatedly implored Google's counsel to reconsider her position, to no avail.[3] *See* Xi Decl. ¶ 7. Eventually, recognizing the futility of continuing the deposition or further attempts to break the impasse, SpaceTime3D's counsel concluded the deposition and informed Google's counsel of its intention to seek relief from the court.[4] *See* Pranke Depo. Tr. at 73:3–5.

## LEGAL STANDARD

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Specifically, a party "seeking discovery may move for an order compelling an answer . . . [if] a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B). If a motion to compel such an order is granted, the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct or both to pay the movant's reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A).

## ARGUMENT

### I. The witness was obligated to answer SpaceTime3D's counsel's questions.

The witness was required to answer counsel's questions, irrespective of whether they exceeded the scope of the Noticed Topics. Rule 30(b)(6) obligates a corporation named as a deponent to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf," and permits it to "set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). The party noticing the deposition must describe the matters for examination with "reasonable particularity." *Id.* Notwithstanding that requirement, almost every court to consider the issue[5] has held that the Rule 30(b)(6) notice "cannot

---

[3] Counsels' discussion during the deposition satisfies the requirement under both the Federal and Local Rules that counsel meet and confer in good faith before filing a motion to compel. The issues raised herein were fully aired at the deposition, both on and off the record, and counsel had reached an impasse by the conclusion of that discussion. *See, e.g.*, *Sussex Fin. Enterprises, Inc. v. Bayerische Hypo-UND Vereinsbank*, No. C 08-4791 SC (JL), 2010 WL 11610268, at *3 (N.D. Cal. Mar. 2, 2010) (extensive in-deposition discussion of disputed objections satisfies meet-and-confer requirement).

[4] Pursuant to Federal Rule of Civil Procedure 37, "[w]hen taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order."

[5] *See, e.g.*, *Baird v. Blackrock Institutional Tr. Co., N.A.*, No. 17-CV-01892, 2019 WL 365845, at *1 (N.D. Cal. Jan. 30, 2019); *Robinson v. Chefs' Warehouse*, No. 3:15-CV-05421, 2017 WL

be used to limit what is asked of the designated witness at a deposition." *UniRAM Technology, Inc. v. Monolithic Sys. Tech., Inc.*, No. C 04–1268, 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007) (citing *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366–67 (N.D. Cal. 2000)). Rather, "[t]he 30(b)(6) notice establishes the *minimum* about which the witness must be prepared to testify, not the *maximum*." *Id.* (citing *Detoy*, 196 F.R.D. at 366–67) (emphasis added). Put differently, in a Rule 30(b)(6) deposition, "[t]he general deposition rules govern (i.e. Fed. R. Civ. P. 26(b)(1)), so that relevant questions may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6)." *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995).

To be sure, a deponent corporation may note on the record its belief that a given question exceeds the scope of the Rule 30(b)(6) topics, and, if that position is valid, a witness's testimony on such a matter is given in his personal, rather than representative, capacity. *See Detoy*, 196 F.R.D. at 367 (citing *King*, 161 F.R.D. at 476). But that qualification does not absolve the witness of his obligation to answer, nor does it furnish grounds for an instruction by counsel not to answer. *See id.*

In short, a deposing party may ask, and a Rule 30(b)(6) representative must answer, any relevant question, irrespective of the scope of the noticed topics, subject only to the limitations that attach to all depositions. Google's counsel's near-constant, rote scope-based objections and multiple instructions not to answer were in patent violation of this clear-cut rule. *Critically, not once did counsel contend that the disputed questions were irrelevant under the general deposition rules*; instead, each objection related to the scope of the Noticed Topics. *See, e.g.*, Pranke Depo. Tr. at 51:5–10 ("I allowed a little bit of leeway . . . , but if you're getting into a []question . . . that's

---

4509142, at *1 (N.D. Cal. Oct. 10, 2017); *Loop AI Labs Inc v. Gatti*, No. 15-CV-00798, 2016 WL 4474584, at *3 (N.D. Cal. Aug. 25, 2016); *California Found. for Indep. Living Centers v. Cty. of Sacramento*, 142 F. Supp. 3d 1035, 1046 (E.D. Cal. 2015); *Harris v. Best Buy Stores, L.P.*, No. 15-CV-00657, 2015 WL 6085307, at *2 (N.D. Cal. Oct. 16, 2015); *F.C.C. v. Mizuho Medy Co.*, 257 F.R.D. 679, 682–83 (S.D. Cal. 2009).; *In re Remec, Inc. Sec. Litig.*, No. 04-CV-1948, 2009 WL 10673212, at *2 (S.D. Cal. Feb. 20, 2009); *but see Paparelli v. Prudential Ins. Co. of Am.*, 108 F.R.D. 727, 730 (D. Mass. 1985). Movant is unaware of a single court that has adopted the *Paparelli* court's view, which is uneconomical and at odds with the liberal discovery requirements of Rule 26(b)(1). Nonetheless, even under the *Paparelli* court's micro-minority view, counsel's instructions not to answer were still improper. *See id.* at 731 (holding that instructions not to answer were not an appropriate response to the out-of-scope questions); *see also infra* section II.

1  wholly outside the scope of these [topics], and you didn't issue an individual 30(b)(1) deposition[,] I'm not going to allow Mr. Pranke to be deposed in his individual capacity."). The stated basis for the objections was thus invalid as a matter of law.

Moreover, even if Google's illiberal view of the deposition's legitimate scope were the law—which it is not—SpaceTime3D's questions still would be proper, because they were plainly within the scope of the Noticed Topics. As to counsel's objections grounded in the distinction between Chrome and Chromium, the subpoena expressly defined "Source Code" as referring to an "identified [set of] source code classes and file paths *relating to the Google Chrome browser*." Google Subpoena at 1 (emphasis added). The Chromium projects are *by their own terms* the "projects behind []Google Chrome," and thus the bright-line distinction Google seeks to draw between Chromium and Chrome is illusory. *See* Xi Decl., Ex. 5. And the Source Code's possible use in connection with the Chrome browser plainly relates to at least Topic 1 ("[P]ractices []and/or procedures for creating, developing, . . . and revising the Source Code), Topic 3 ("Authenticity of the Source Code"), Topic 5 ("Development and implementation details relating to the Source Code"), and Topic 8 ("The collaboration, if any, between You and Defendants on creating, developing, compiling, updating, making publicly available, debugging, and revising the Source Code.").

Similarly, Google's counsel's position that the Source Code's *purpose* is outside the scope of the noticed topics is meritless. The Source Code's purpose relates to at least Topic 1, Topic 2 ("Details *and circumstances* relating to the date(s) on which the Source Code was created, developed, updated, and later revised" (emphasis added)), Topic 3, Topic 5, Topic 7 ("Major changes or revisions . . . that You have made to the Source Code since November 4, 2014"), and Topic 8.

**II.    Even if the questions were outside the legitimate scope of the deposition, Google's counsel's instructions not to answer were improper.**

Even if the questions were, in fact, outside the legitimate scope of the deposition, Google's counsel's instructions not to answer were sanctionable misconduct. It is black-letter law that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to

5
MEMORANDUM OF LAW ISO PLAINTIFF SPACETIME3D'S MOTION TO COMPEL GOOGLE, LLC'S
DEPOSITION TESTIMONY - Case No. 5:20-mc-80219-MISC

enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2); *see also Shapiro v. Paul Revere Life Ins. Co.*, 1997 WL 601430, at *1 (N.D. Cal. Sept. 18, 1997). Accordingly, "objections that questions . . . exceeded the scope of the deposition . . . are improper grounds for instructing" a witness not to answer. *Doe v. City of San Diego*, 2013 WL 6577065, at *5 (S.D. Cal. Dec. 13, 2013). A party may, of course, lodge a good-faith objection based on scope; "however, 'the examination still proceeds; the testimony is taken subject to any objection.'" *Mendez v. R+L Carriers, Inc.*, 2012 WL 1535756, at *1 (N.D. Cal. Apr. 30, 2012); *see also In re Remec, Inc. Sec. Litig.*, No. 04CV1948 MMA (AJB), 2009 WL 10673212, at *3 (S.D. Cal. Feb. 20, 2009); *Batts v. Cty. of Santa Clara*, No. C 08-00286 JW, 2010 WL 545847, at *2 (N.D. Cal. Feb. 11, 2010) ("[N]o . . . lack of clarity exists with respect to the limited circumstances in which counsel may instruct a witness not to answer a question."). There is no need to complicate what can be stated simply: Google's counsel violated this foundational rule each of the eleven times it instructed its client not to answer based on its unilateral determination that a question exceeded the scope of the Noticed Topics.

In light of the foregoing, SpaceTime3D respectfully requests that the Court (1) compel Google to produce its representative for a continuation of the Rule 30(b)(6) deposition on the Noticed Topics, (2) direct Google's counsel to withhold any objections based on the scope of the Rule 30(b)(6) topics, (3) direct Google's counsel that it may not instruct its representative not to answer a question based on an objection to a question's scope; (4) direct Google to pay SpaceTime3D's reasonable expenses incurred in making this motion, pursuant to Federal Rule of Civil Procedure 37(a)(5); and (5) grant any other appropriate relief, including under Federal Rule of Civil Procedure 30(d)(2).

Dated:  December 14, 2020

MENG XI
SUSMAN GODFREY L.L.P.

By: */s/ Meng Xi*

Meng Xi
Attorney for Plaintiff SpaceTime3D

# **PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the County of New York, State of New York. I am over the age of 18 and not a party to the within action; my business address is 1301 Avenue of the Americas, 32nd Floor, New York, New York 10019.

On December 14, 2020, I served the foregoing document(s) described as follows:

**MEMORANDUM OF LAW IN SUPPORT PLAINTIFF SPACETIME3D'S NOTICE OF MOTION AND MOTION TO COMPEL GOOGLE, LLC'S DEPOSITION TESTIMONY**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

\_\_\_\_    BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at New York, New York in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_    BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

\_\_\_\_    BY FEDERAL EXPRESS OR OVERNIGHT COURIER

\_\_\_\_    BY FAX
I served by facsimile as indicated on the attached service list.

 XX    BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

\_\_\_\_    (State) I declare under penalty of perjury under the laws of the State of New York that the above is true and correct.

 XX    (Federal) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 14, 2020, at New York, New York.

_____
Eve Levin

# SERVICE LIST

**Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.:**

Mark D Fowler
Aaron Wainscoat
Brent K Yamashita
Erik R Fuehrer
Harpreet Singh
Jonathan Hicks
Robert Buergi
DLA Piper US LLP - Palo Alto
2000 University Ave
Palo Alto, CA 94303
650-833-2000
Fax: 650-833-2001
mark.fowler@dlapiper.com
aaron.wainscoat@dlapiper.com
brent.yamashita@dlapiper.com
erik.fuehrer@dlapiper.com
harpreet.singh@us.dlapiper.com
jonathan.hicks@dlapiper.com
robert.buergi@dlapiper.com
Samsung-SpaceTime3D-DLA@us.dlapiper.com

Kevin Hamilton
Susan Acquista
DLA Piper US LLP - San Diego
401 B Street, Suite 1700
San Diego, CA 92101
619-699-2700
Fax: 619-699-2701
kevin.hamilton@us.dlapiper.com
susan.acquista@us.dlapiper.com

Harry Lee Gillam , Jr.
Melissa Richards Smith
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450
Fax: 903-934-9257
gil@gillamsmithlaw.com
melissa@gillamsmithlaw.com

**Counsel for Google, LLC:**

Krista Schwartz
Katy L. Rankin
Hogan Lovells US LLP
3 Embarcadero Center #1500
San Francisco, CA 94111
Telephone: (415) 374-2300
Krista.schwartz@hoganlovells.com
katy.rankin@hoganlovells.com