UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPACETIME3D, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC, et al.,<br><br>        Defendants. | Case No. 20-mc-80219-VKD<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 5 |

In connection with SpaceTime3D, Inc's ("SpaceTime3D") motion to compel deposition testimony from Google, LLC ("Google"), SpaceTime3D filed an administrative motion to file under seal Exhibit 5 to the declaration of Meng Xi in support of its motion to compel. Dkt. No. 5. Having considered SpaceTime3D's submission, the Court grants the administrative motion, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

SpaceTime3D's motion to seal concerns information submitted in connection with a discovery dispute. The discovery dispute does not address the merits of the parties' claims or defenses, but rather whether Google should be required to re-produce its Rule 30(b)(6) witness for further examination. The material to be sealed is only tangentially related to the merits of the underlying litigation between SpaceTime3d and Samsung Electronics Co., Ltd. and Samsung Electronics America (collectively, "Samsung") in *SpaceTime3D, Inc. v. Samsung Elecs. Co., Ltd. et al*, No. 2:19-cv-372-JRG (E.D. Tex.). The Court therefore applies the "good cause" standard of Rule 26(c).

The material proposed to be filed under seal is derived from a deposition that has been designated "Restricted Confidential – Attorneys' Eyes Only." Dkt. No. 5-4 at 1; Dkt. No. 5 at 1. Google contends that the material encompasses proprietary, commercially sensitive, and confidential information related to Google's Chrome product and its customer relationship with Samsung, the public release of which would cause Google competitive harm. In these circumstances, the Court finds that good cause exists to seal the following material:

| Document | Portions to be Sealed |
|---|---|
| Declaration of Meng Xi in Support of SpaceTime3D's Motion to Compel Google, LLC's Deposition Testimony (Dkt. No. 3) | Exhibit 5 |

**IT IS SO ORDERED.**

Dated: February 1, 2021



VIRGINIA K. DEMARCHI
United States Magistrate Judge