UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE SUBPOENA TO GOOGLE LLC

Case No. 20-mc-80219-VKD

**ORDER DENYING SPACETIME3D'S MOTION TO COMPEL**

Re: Dkt. No. 2

SpaceTime3D, Inc. ("SpaceTime3D"), the plaintiff in a patent infringement lawsuit before the Eastern District of Texas, moves to compel deposition testimony of non-party Google LLC ("Google"). Dkt. No. 2. Google opposes the motion and seeks a protective order regarding the scope of any further deposition. Dkt. No. 10. The Court held a hearing on January 19, 2021. Dkt. No. 19. For the reasons explained below, the Court denies SpaceTime3D's motion.

**I.   BACKGROUND**

SpaceTime3D has filed an action in the Eastern District of Texas against Samsung Electronics Co., Ltd. and Samsung Electronics America (collectively, "Samsung"). *See SpaceTime3D, Inc. v. Samsung Elecs. Co., Ltd. et al*, Case No. 2:19-cv-372-JRG (E.D. Tex.) ("the Texas litigation"). SpaceTime3D contends that Samsung infringes SpaceTime3D's patents "through use of Google's Chrome Browser, which comes pre-loaded on Samsung devices." Dkt. No. 2 at 1 (citing Dkt. No. 3, Ex. 1).

In connection with the Texas litigation, SpaceTime3D served a subpoena on Google for a Rule 30(b)(6) deposition on the following topics:

1. Your policies, practices, and/or procedures for creating, developing, compiling,

updating, making publicly available, debugging, and revising the Source Code.

2. Details and circumstances relating to the date(s) on which the Source Code was created, developed, updated, and last revised.

3. Authenticity of the Source Code.

4. Version control tools and systems that You use to track changes to the Source Code.

5. Development and implementation details relating to the Source Code.

6. Release dates for the Source Code.

7. Major changes or revisions, including any refactoring, that You have made to the Source Code since November 4, 2014.

8. The collaboration, if any, between You and Defendants on creating, developing, compiling, updating, making publicly available, debugging, and revising the Source Code.

Dkt. No. 3-2 at ECF pp. 7–8.  The subpoena defines "Source Code" as a specific list of "source code classes and file paths relating to the Google Chrome browser, available at: https://chromium.googlesource.com/chromium/src.git," followed by a chart with 32 "source code classes" and associated "file paths."  *Id.* at ECF pp. 5–7.  The parties agree that the source code identified in the chart is open source and publicly available.  Dkt. No. 2 at 1; Dkt. No. 10 at 3.

Google served written objections to the subpoena, including an objection to the definition of "Source Code":

> Google objects to the definition of "Source Code" as vague and ambiguous as to the phrase "source code classes and file paths relating to the Google Chrome browser, available at: https://chromium.googlesource.com/chromium/src.git/."  Google further objects to the definition of "Source Code" as encompassing irrelevant information that is not proportional to the needs of this case.  Google further objects to this definition to the extent it seeks trade secret information or confidential commercial or other proprietary or sensitive business information.

Dkt. No. 10-1, Ex. 3 at 4.  Google's counsel asked for a conference with SpaceTime3D's counsel to discuss the deposition and Google's objections to it.  *Id.*, Ex. 2.

The conference occurred on November 20, 2020.  *Id.* ¶ 5.  However, the parties have different recollections of their discussion.  Google filed declarations from both of its counsel who attended the conference as well as one counsel's contemporaneous notes of the conference.  Dkt.

2

1   No. 10-1; Dkt. No. 18.  According to Google, SpaceTime3D agreed that the deposition topics, all
2   of which refer to "Source Code," would be limited to the Chromium open source code files
3   identified in the subpoena and did not encompass Google's proprietary Chrome browser.  Dkt. No.
4   10-1; Dkt. No. 18.  SpaceTime3D also filed declarations from both of its counsel who attended the
5   conference.  Dkt. No. 12; Dkt. No. 13.  According to SpaceTime3D, it did not agree that the
6   noticed depositions topics "categorically excluded questions relating to Chrome," or that the
7   deposition would be limited to the noticed topics.  Dkt. No. 12 ¶ 3.

8         By agreement of the parties, the deposition took place on December 4, 2020.  Google
9   produced Dirk Pranke as a corporate representative to testify on its behalf.  During the deposition,
10  SpaceTime3D's counsel asked many questions to which Google's counsel objected as outside the
11  scope of the noticed topics.  Mr. Pranke nevertheless answered most of these questions, but
12  Google's counsel instructed him not to answer 11 such questions, and he did not answer them.
13  Dkt. No. 5-4 at 12:16-23, 20:8-14, 49:21–50:2, 53:17-24, 54:2-6, 55:12-25, 57:11-24, 67:2-7,
14  67:11-17, 71:15-23.

15        Counsel engaged in a colloquy at the end of the deposition.  SpaceTime3D's counsel
16  objected to Google's counsel's repeated instructions not to answer as improper and contended that
17  a Rule 30(b)(6) deposition is not limited to questions within the scope of the noticed topics.  *Id.* at
18  72:5–73:5.  Google's counsel responded that the parties had agreed in advance that the deposition
19  topics were limited to Chromium and that the deposition would be limited to questions about
20  Chromium, and in view of that agreement, Google's counsel objected to questions directed to
21  Chrome.  *Id.* at 73:6–74:13.  SpaceTime3D terminated the deposition after about 2.5 hours.  *Id.* at
22  6:4-7; 74:18-20.

23  **II.   DISCUSSION**
24        SpaceTime3D moves to compel Google to "produce its representative for a continuation of
25  the Rule 30(b)(6) deposition on the [n]oticed [t]opics."  Dkt. No. 2 at 6.  SpaceTime3D also asks
26  the Court to order Google's counsel to not make objections or instruct the witness not to answer a
27  question on the ground that it is outside the scope of the noticed topics.  *Id.*  Google opposes
28  SpaceTime3D's motion as untimely and for failure to comply with Rule 45(d)(1), and also

3

opposes the motion on the merits. Dkt. No. 10. Google also asks the Court to issue a protective order limiting any further deposition questioning to the noticed topics. *Id.* at 12.

The Court first considers whether SpaceTime3D's motion to compel is timely and then, as necessary, addresses the remaining issues.

### A. Timeliness of SpaceTime3D's Motion to Compel

In the underlying Texas litigation, the presiding judge entered a docket control order on April 8, 2020 setting December 4, 2020 as the "[d]eadline to [c]omplete [f]act [d]iscovery and [f]ile [m]otions to [c]ompel [d]iscovery." No. 2:19-cv-372-JRG, Dkt. No. 26 at 3 (E.D. Tex. Apr. 8, 2020). The Texas court has not extended this deadline, except for motions to compel "relating to [d]iscovery [d]iscovered as [b]eing [d]eficient [d]uring the [r]escheduled 30(b)(6) [d]eposition of Samsung's [c]orporate [r]epresentative on [l]icensing [t]opics." No. 2:19-cv-372-JRG, Dkt. No. 123 at 4 (E.D. Tex. Jan. 19, 2021). SpaceTime3D filed its motion to compel before this Court on December 14, 2020. Dkt. No. 2.

Google argues that the motion is untimely because it was filed after the December 4 deadline set in the Texas litigation and, alternatively, because it was not filed within seven days of the close of fact discovery as required by this District's Civil Local Rule 37-3. Dkt. No. 10 at 6–7. SpaceTime3D responds that because some fact discovery is continuing in the Texas litigation, fact discovery has not yet closed, and its motion to compel is therefore timely under this District's local rules which, it contends, should apply to a subpoena enforceable in the Northern District of California. Dkt. No. 11 at 7–8.

The Court agrees with Google that SpaceTime3D's motion to compel is untimely. The fact discovery completion deadline in the Texas litigation was December 4, 2020, except for discovery that has nothing to do with this dispute. As a party to the Texas litigation, SpaceTime3D is bound by that order and was required to move to compel discovery by that deadline. The docket control order does not make exceptions for third party discovery that takes place in other districts.[1] SpaceTime3D's motion to compel is also untimely if the question is

---

[1] In communications with Google's counsel, SpaceTime3D appeared to acknowledge December 4, 2020 as the operative deadline for the completion of fact discovery as to Google. *See* Dkt. No. 12,

4

considered under this District's local rules.  Civil Local Rule 37-3 provides that "no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off."  Civ. L.R. 37-3.  The "fact discovery cut-off" is "the date by which all responses to written discovery are due and by which all depositions must be concluded."  *Id.*  According to the docket control order in the Texas litigation, the fact discovery at issue was to be completed by December 4, 2020, and therefore, per Civil Local Rule 37-3, SpaceTime3D's motion to compel would have been due by December 11, 2020.  SpaceTime3D did not seek relief from the docket control order or permission to file a belated motion to compel from the presiding judge in the Texas litigation.

SpaceTime3D argues in its reply that its delay in filing the motion to compel was *de minimis* and not prejudicial to Google or to the conduct of the underlying litigation, although it offers no explanation for the delay.  Dkt. No. 11 at 8–9.  The Court is not persuaded that SpaceTime3D has shown good cause for the Court to overlook the untimeliness of its motion to compel.  However, the Court appreciates that it is not in the best position to judge whether SpaceTime3D's delay should or should not be excused, as it has limited information regarding the underlying Texas litigation.  For this reason, the Court will, in its discretion, consider SpaceTime3D's motion on the merits.

### B.     SpaceTime3D's Request for Further Deposition of Google

Although the case law is not settled, SpaceTime3D is correct that most district courts that have considered the issue have concluded that Rule 30(b)(6) imposes an obligation on a corporate defendant to designate a witness prepared on the noticed deposition topics but does not restrict the scope of the deposition of whoever is the corporation's designee.  *See, e.g.*, *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995); *Detoy v. City and Cty. of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000).[2]  SpaceTime3D is also correct that counsel may not instruct a witness not to answer a question that counsel believes is outside the scope of a noticed deposition topic, unless counsel is prepared to terminate or suspend the deposition to seek a court order

---

Ex. 3 at 3.

[2] Most, but not all, of the cases concern discovery between parties, and not discovery of non-parties.

1   limiting the deposition. Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer
2   only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to
3   present a motion under Rule 30(d)(3)."); Fed. R. Civ. P. 30(d)(3) ("At any time during a
4   deposition, the deponent or a party may move to terminate or limit it on the ground that it is being
5   conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the
6   deponent or a party.").

7   Conferences of counsel and other efforts to resolve disagreements about the scope of
8   discovery without court intervention are encouraged, and, as to Rule 30(b)(6) depositions, such
9   conferences are now expressly required. *See* Fed. R. Civ. P. 30(b)(6) ("Before or promptly after
10  the notice or subpoena is served, the serving party and the organization must confer in good faith
11  about the matters for examination.") (effective Dec. 1, 2020). Google believed it had obtained a
12  specific agreement from SpaceTime3D regarding both the scope of the noticed topics and the
13  scope of the deposition. While SpaceTime3D disputes the existence of such an agreement, the
14  Court observes that Google's belief is consistent with its counsel's statements on the record at the
15  deposition, which SpaceTime3D's counsel did not contradict at that time. Nevertheless, the Court
16  does not believe it must resolve the parties' disagreement on this point in order to decide
17  SpaceTime3D's motion.

18  In the Court's view, both Rule 45 and Rule 30 inform consideration of SpaceTime3D's
19  request for a further, open-ended deposition of Google. SpaceTime3D sought Google's deposition
20  testimony pursuant to Rule 45. Notice to a non-party and consideration of the burden the
21  requested deposition discovery places on the non-party are key obligations that SpaceTime3D
22  undertook when it served the subpoena. Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible
23  for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or
24  expense on a person subject to the subpoena."). SpaceTime3D gave Google express notice
25  regarding specific topics on which it wanted deposition testimony. It gave no notice that
26  individual testimony was sought or desired on any other matters, including that it wished to
27  question Google about the functionality or operation of the Chrome browser, although it could
28  have easily drafted the subpoena to include these topics. SpaceTime3D contends that such notice

must be implied because prevailing case law holds that a party may question a Rule 30(b)(6) witness on an individual basis about matters outside the scope of the noticed topics without separately noticing an individual deposition. If so, there is tension between Rule 45 and Rule 30 with respect to questions of notice and undue burden for the corporate deposition of a non-party. This Court does not agree that the rule announced in *King* is necessarily the correct rule of decision as applied to non-party depositions. In *King*, the district court observed:

> Rule 30(b)(6) should not be read to confer some special privilege on a corporate deponent responding to this type of notice. Clearly, Plaintiff could simply re-notice a deponent under the regular notice provisions and ask him the same questions that were objected to. However, Plaintiff should not be forced to jump through that extra hoop *absent some compelling reason*.

*King*, 161 F.R.D. at 476 (emphasis added). In this Court's view, the interests of efficiency that might be served by such an approach in the context of party depositions must be balanced against the need to minimize the burden on a non-party that is subject to discovery under Rule 45. *See, e.g*, *Convolve, Inc. v. Dell, Inc.*, No. C 10-80071 WHA, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("Non-parties may occasionally have to testify and give evidence for and against litigants, but non-parties should not be burdened in discovery to the same extent as the litigants themselves. Requests to nonparties should be narrowly drawn to meet specific needs for information.").

Here, SpaceTime3D effectively asks the Court to use its authority to order a non-party to re-submit to a deposition that is not limited to the noticed topics. SpaceTime3D provides no justification for why such open-ended testimony is relevant and proportional to needs of the underlying Texas litigation. Rather, its sole justification is that prevailing authority holds that Google's counsel's instructions not to answer were improper. While SpaceTime3D is correct that the instructions were improper (in the absence of a motion to terminate or limit the deposition), the Court is not persuaded that the remedy for that offense is to permit SpaceTime3D another opportunity for extensive questioning outside the scope of its noticed topics. Put another way, in the circumstances this case presents, the need to minimize burden on non-party Google supplies a "compelling reason" for the Court to conclude that it would be unfair and unduly burdensome to permit SpaceTime3D free rein to ask questions about Google's proprietary Chrome browser when

7

the noticed deposition topics call for testimony expressly defined as relating to specific, publicly available source code in open source Chromium.[3]  A further deposition Google is warranted only if counsel instructed the witness not to answer questions reasonably within the scope of a noticed topic.

Google's witness, Mr. Pranke, answered most of the questions to which Google objected as outside the scope of the notice.  He did not answer the following questions, after an instruction from counsel:

(1) ███████████████████████████████████████████
    ███████████████████████████████████████████
    (12:16-19)

(2) ███████████████████████████████████████████
    ████████████████ (20:8-10)

(3) ███████████████████████████████████████████
    ████████████████████████████ (49:21-23)

(4) ███████████████████████████████████████████
    ████████████████████████████ (53:17-19)

(5) ███████████████████████████████████████████
    █████████████████ (54:2-4)

(6) ███████████████████████████████████████████
    ██████████████████████████████████ (55:12-14)

(7) ███████████████████████████████ (57:11-12)

(8) ███████████████████████████████████████████
    ██████ (57:18-21)

(9) ████████████████████████████████
    ████████████ (67:2-3)

(10) ██████████████████████████████████████████
     █████████████████████████ (67:11-13)

---

[3] An agreement between the parties in advance limiting the deposition to particular topics also would be a "compelling reason" not to permit extensive questioning outside the scope of those topics.  As noted above, the Court does not make a finding as to the existence of such an agreement here.

(11) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (71:15-19)

Dkt. No. 5-4.  Questions 1-3 and 6-11 above clearly require testimony about Google's Chrome browser.  Such questions are not within the scope of the noticed topics, all of which are about the specific Chromium source code listed as file paths in the deposition notice.  The fact that some Chromium source code is also used in the Chrome browser does not thereby transform the noticed topics into topics about Chrome in the first instance.  SpaceTime3D was free to ask questions about the source code listed in the subpoena (whether it is used in Chrome or not), but it chose not to do so.  Questions 4 and 5 appear to be about Chromium, and the Court initially considered that they might be within the scope of the noticed topics.  However, during the hearing on its motion, SpaceTime3D insisted that the questions were intended to be *about the Chrome browser*.  The Court accepts SpaceTime3D at its word and therefore concludes that these questions also are not within the scope of the noticed deposition.

As none of the unanswered deposition questions is within the scope of the noticed deposition topics, and because SpaceTime3D has already had ample opportunity to obtain testimony on those topics, the Court finds no basis to order non-party Google to designate a corporate representative to testify in a further deposition as to those topics or about matters that are outside the scope of those topics.

## III.   CONCLUSION

SpaceTime3D's motion to compel is denied as untimely and, alternatively, on the merits.  The other arguments the parties raised are moot.

**IT IS SO ORDERED.**

Dated: February 1, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge